NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS BENOIT,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>　　　　　　　Respondent. | No.　17-70179<br><br>Agency No. A200-202-065<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before:　　FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Thomas Benoit, a native and citizen of Haiti, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

\*　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the petition for review.

Substantial evidence supports the agency's determination that Benoit failed to establish the harm he experienced or fears in Haiti was or would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Benoit's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Benoit failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Haiti.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

As stated in the court's March 27, 2017 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED**.

17-70179